## STOCKTON *v.* CRADDICK.

The defendant in a rule appealed from a judgment rendered in favor of plaintiffs; but the transcript contained no copy of the proceedings and judgment in an action which the nature of the rule showed must have been produced by the plaintiffs on the trial, and the certificate of the clerk showed that no such copy had been filed in the cause. *Held,* that the appellant cannot be made responsible for the neglect of the plaintiffs, and that the judgment must be reversed, and the case remanded for further proceedings.

APPEAL from the Commercial Court of New Orleans, *Watts,* J.
The judgment of the court was pronounced by

ROST, J. The plaintiff sued out two writs of attachment on notes of the defendant, and the sheriff attached under them town lots supposed to belong to the said defendant. The latter made a full appearance, by his attorney; the causes were tried separately, decided in favor of the plaintiff, and the attachments maintained.

On motion of defendant's counsel, a new trial was granted in both cases, and they were afterwards consolidated.

The consolidated cases were subsequently tried, and decided in favor of the plaintiff, for the whole amount of his claims, with interest from judicial demand.

During the pendency of this suit, *T. R. Hyde* and *J. P. Clapp*, judgment creditors of one *J. J. Hall*, gave notice to the plaintiff in this suit that the lots attached by him were the property of *Hall*, and that they had instituted a suit in the District Court for the purpose of avoiding the sales under which the defendant claimed, on the ground of simulation. After the judgment rendered in the consolidated cases, *Hyde* and *Clapp* came into court and took a rule on the plaintiff to show cause why the attachments levied in the two cases should not be set aside and dismissed, on the following grounds:

1st. That the property attached has been decreed by the District Court to be the property of *J. J. Hall*, and liable to execution in favor of the plaintiffs in intervention, and that the several conveyances from *J. J. Hall* to the defendant have been decreed to be simulated.

2d. That the judgments obtained by the plaintiffs in intervention against *J. J. Hall* were recorded, and operated as a mortgage upon the property attached, before the levy of the attachments.

3d. That while the suit to annull the sale was pending, and before judgment, the plaintiff in this case was notified of said suit.

This rule was continued, by consent, from time to time, and no objection as to the manner of proceeding appears to have been made by the plaintiff's counsel. It was finally made absolute, and the attachments set aside.

The plaintiff appealed from the judgment in the consolidated suits, and also from the decree making the rule absolute.

The record comes up with a certificate of the clerk that it contains a transcript of all the proceedings and of all the documents, except the laws of the State of Mississippi, filed in the cause wherein *Richard C. Stockton* is plaintiff and *Joseph N. Craddick* is defendant. The judge certifies that the transcript of the record contains all the evidence, with the exception made in the clerk's certificate, adduced by the parties on the trial of the cause in the first instance. Upon examing the record, we find that it contains none of the evidence adduced on the trial of the rule between the plaintiff in the suit and the plaintiffs in intervention. From the nature of the rule, however, the proceedings and judgment in the case of the plaintiffs in intervention against *Craddick* must have been produced by them on its trial. As it appears from the clerk's certificate that they were not filed, the appellant cannot be made responsible for their neglect. We concur in the opinion of the late Supreme Court in the case of *Escurieux* v. *Chapduc*, 4 Rob. p. 325. This branch of the cause must be remanded.

In the appeal between the plaintiff and defendant, the defendant prays for a reversal of the judgment. The court of the first instance was of opinion that the claims of the plaintiff were fully sustained, and that the special defences set up by the defendant, were not proved in a manner to entitle him to relief. After a careful perusal of the evidence we are satisfied the judge did not err. The failure of consideration is not proved, and the only fact satisfactorily established by the defendant is, that his credit was bad when his notes became due.

The plaintiff having abandoned the ground upon which he appealed against the original defendant, must pay a portion of the costs.

It is, therefore, ordered and adjudged, that the judgment rendered by the

court of the first instance, between the plaintiff and defendant, be affirmed, and that the judgment making the rule absolute be recorded, the attachments reinstated, and this cause remanded to be proceeded in according to law so far as the original plaintiff and the plaintiffs in intervention are concerned, each paying one half of the costs of this court.

*Stockton*, appellant, *pro se.* *Steele*, on the same side. *Mott* and *Micou*, contrâ.